*In re* FERRARA, No. 109593. Reported at 458 Mich 350.

*Orders Entered October 15, 1998:*

PROPOSED AMENDMENT OF RULE 1.8 OF THE MICHIGAN RULES OF PROFESSIONAL CONDUCT. On February 4, 1998, we published for comment a proposal to

amend Rule 1.8 of the Michigan Rules of Professional Conduct to limit sexual relationships between lawyers and clients. 456 Mich 1224 (1998). As always, we indicated that publication of this proposal did not mean that the Court would issue an order on the subject, nor did it imply probable adoption of the proposal in its then-current form.

After careful study, we have decided not to amend MRPC 1.8. The Michigan Rules of Professional Conduct adequately prohibit representation that lacks competence or diligence, or that is shadowed by a conflict of interest. With regard to sexual behavior, we note that the Michigan Court Rules provide that a lawyer may be disciplined for "conduct that is contrary to justice, ethics, honesty, or good morals." MCR 9.104(3). We also observe that the Legislature has enacted criminal penalties for certain types of sexual misconduct.

Mindful of the concerns of those who support the proposal, we emphasize that a lawyer bears a fiduciary responsibility toward the client. A lawyer who has a conflict of interest, whose actions interfere with effective representation, who takes advantage of a client's vulnerability, or whose behavior is immoral risks severe sanctions under the existing Michigan Court Rules and Michigan Rules of Professional Conduct.[1]

KELLY, J. I believe the Rules of Professional Conduct should specifically prohibit sexual relations between lawyers and clients.

Much evidence exists that a rule is needed. The American Bar Association cited the ethical dangers of lawyer-client sex in a 1992 formal opinion (92-364). Several state bar associations have explicitly banned sex between lawyers and their clients, including California, Wisconsin, Florida, Iowa, Minnesota, New York, Oregon, West Virginia, and North Carolina. Other professions have recognized the need and have adopted a rule, among them the medical and teaching professions. We have been requested to adopt a rule by the Michigan Attorney Grievance Administrator, the Family Law Section, Standing Committee on Grievance, and Representative Assembly of the State Bar of Michigan, among others.

Although most individuals do not require protection by the legal profession respecting their dealings with an attorney, many do. Rarely is a person more vulnerable to an inappropriate sexual overture than from a trusted legal advisor when the person is engaged in a contentious legal struggle. The Court is remiss in failing to recognize the importance of the ethical problem presented by sexual relations between attorney and client by amending the rules to explicitly prohibit it.

PROPOSED AMENDMENT OF RULE 1.8 OF THE MICHIGAN RULES OF PROFESSIONAL CONDUCT. By order of this date, we have declined to adopt a proposal to amend Rule 1.8 of the Michigan Rules of Professional Conduct to limit sexual relationships between lawyers and clients. 456 Mich 1224 (1998).

---

[1] By separate order, we are amending the official Comment to MRPC 1.8 to reflect the substance of this order.

However, effective today, the official Comment to Rule 1.8 shall be amended by adding a new final paragraph, which reads as follows:

Sexual Relations With Clients. After careful study, the Supreme Court declined in 1998 to adopt a proposal to amend Rule 1.8 to limit sexual relationships between lawyers and clients. The Michigan Rules of Professional Conduct adequately prohibit representation that lacks competence or diligence, or that is shadowed by a conflict of interest. With regard to sexual behavior, the Michigan Court Rules provide that a lawyer may be disciplined for "conduct that is contrary to justice, ethics, honesty, or good morals." MCR 9.104(3). Further, the Legislature has enacted criminal penalties for certain types of sexual misconduct. In this regard, it should be emphasized that a lawyer bears a fiduciary responsibility toward the client. A lawyer who has a conflict of interest, whose actions interfere with effective representation, who takes advantage of a client's vulnerability, or whose behavior is immoral risks severe sanctions under the existing Michigan Court Rules and Michigan Rules of Professional Conduct.

*Order Entered October 19, 1998:*

PROPOSED AMENDMENT OF MCR 8.108. On order of the Court, this is to advise that the Court is considering amendment of Rule 8.108 of the Michigan Court Rules. Before determining whether the proposals should be adopted, changed before adoption, or rejected, this notice is given to afford any interested person the opportunity to comment on the form or the merits of the proposal. We welcome the views of all who wish to address the proposal or who wish to suggest alternatives.

As whenever this Court publishes an administrative proposal for comment, we emphasize that publication of this proposal does not mean that the Court will issue an order on the subject, nor does it imply probable adoption of the proposal in its present form.

[The present language would be amended as indicated below:]

RULE 8.108. COURT REPORTERS AND RECORDERS AND COURT REPORTING FIRMS.

(A) Scope of Rule. ~~This rule prescribes the duties of court reporters and recorders, the procedure for certifying them, the effect of noncertification, objections to certification, and display requirements.~~

(1) Court Reporters and Recorders. Subrules (A) through (G) and subrule (I) apply to court reporters and recorders and prescribe the duties of court reporters and recorders, the procedure for certifying them, the effect of noncertification, objections to certification, and display requirements.

(2) Court Reporting Firms. Subrules (H) and (I) apply to court reporting firms as defined in MCL 600.1490(1)(b); MSA 27A.1490(1)(b).

(B)-(F) [Unchanged.]

(G) Certification.

(1)-(5) [Unchanged.]

(6) Renewal, Review, and Revocation of Certification.

(a) Certifications under this rule must be renewed annually by registering with the State Court Administrative Office on a form adopted by the State Court Administrative Office. The fee for renewal is $30. Renewal applications must be filed by August 1. A renewal application filed after that date must be accompanied by an additional late fee of $30. The board may require certified reporters and recorders to submit, as a condition of renewal, such information as the board reasonably deems necessary to determine that the reporter or recorder has used his or her reporting or recording skills during the preceding year. Failure of freelance reporters and recorders to register with the State Court Administrative Office in accordance with this rule and MCL 600.1492(2); MSA 27A.1492(2) may result in an administrative fine not to exceed $500 as prescribed by MCL 600.1492(2); MSA 27A.1492(2) and shall be cause for refusal of the State Court Administrator or the Board of Review to issue renewal certificates; wilful violation of MCL 600.1492(2); MSA 27A.1492(2) shall be grounds for discipline, censure, or suspension or revocation of certification as a Michigan certified court reporter, court recorder, or stenomask reporter.

(H) Court Reporting Firms.

(1) Applicability of Rules; Registration.

Rules applicable to court reporters and court recorders are applicable to court reporting firms and the court reporters and recorders they employ. All court reporting firms, as defined by MCL 600.1490(1)(b); MSA 27A.1490(1)(b) and including out-of-state court reporting firms, shall be certified by registering with the State Court Administrative Office. Firms shall register by completing a form adopted by the State Court Administrative Office. Upon receipt of the application, the State Court Administrative Office shall assign an identification number to each firm registered.

(2) Failure to Register; Sanctions.

(a) Failure to register with the State Court Administrative Office in accordance with this rule and MCL 600.1492(2); MSA 27A.1492(2) may result in an administrative fine not to exceed $500 as prescribed by MCL 600.1492(2); MSA 27A.1492(2).

(b) Failure to pay an administrative fine imposed pursuant to this rule and MCL 600.1492(2); MSA 27A.1492(2) will result in suspension or revocation of certification as a Michigan certified court reporting firm.

(c) Wilful violation of MCL 600.1492(2); MSA 27A.1492(2) shall be grounds for suspension or revocation of certification as a Michigan certified court reporting firm.

(3) Effect of Suspension or Revocation of Firm on Court Reporters and Recorders.

The suspension or revocation of certification of a court reporting firm shall be grounds for the suspension or revocation of the certification of court reporters or recorders employed by that firm.

(I) Additional Duties and Responsibilities of Court Reporters, Court Recorders, and Court Reporting and Recording Firms.

Court reporters, recorders, and stenomask reporters who record or prepare transcripts of proceedings held in Michigan courts or of depositions taken in Michigan pursuant to these rules must observe court rules and statutes relating to procedures for taking testimony in court proceedings or depositions taken in Michigan pursuant to these rules. Violations of the provisions of such rules and statutes shall be grounds for discipline or suspension or revocation of certification pursuant to this rule. Violations of the provisions of such rules and statutes by a court reporter, recorder, or stenomask reporter employed by a court reporting firm shall be grounds for suspension or revocation of the certification of the court reporting firm, or for imposition of sanctions pursuant to subrule (H).

*Staff Comment*: The amendments of MCR 8.108 incorporate statutory requirements prescribed by 1998 PA 249, effective July 10, 1998.

The staff comment is published only for the benefit of the bench and bar and is not an authoritative construction by the Court.

> Publication of this proposal does not mean that the Court will issue an order on the subject, nor does it imply probable adoption in its present form. Timely comments will be substantively considered and your assistance is appreciated by the Court.

A copy of this order will be given to the secretary of the State Bar and to the State Court Administrator so that they can make the notifications specified in MCR 1.201. Comments on this proposal may be sent to the Supreme Court Clerk within 30 days after it is published in the *Michigan Bar Journal*. When filing a comment, please refer to our file number 98-40.

*Order Entered October 20, 1998:*

PROPOSED AMENDMENT OF RULE 17 OF THE RULES CONCERNING THE STATE BAR OF MICHIGAN and PROPOSED ADOPTION OF THE MINIMUM CONTINUING LEGAL EDUCATION IMPLEMENTATION RULES. On order of the Court, this is to advise that the Court is considering a proposal from the State Bar of Michigan that would establish a program of mandatory continuing legal education for Michigan lawyers. This would involve an amendment of Rule 17 of the Rules Concerning the State Bar of Michigan, and enactment of Minimum Continuing Legal Education Implementation Rules. Before determining whether the proposal should be adopted, changed before adoption, or rejected, this notice is given to afford any interested person the opportunity to comment on the form or the merits of the proposal. We welcome

the views of all who wish to address the proposal or who wish to suggest alternatives.

As whenever this Court publishes an administrative proposal for comment, we emphasize that publication of this proposal does not mean that the Court will issue an order on the subject, nor does it imply probable adoption of the proposal in its present form.

[The present language would be amended as indicated below:]

RULE 17. MINIMUM CONTINUING LEGAL EDUCATION.

*1. Committee on Continuing Legal Education.*

The president of the State Bar of Michigan shall appoint a continuing legal education committee (CLEC) composed of twelve members, at least nine of whom shall be lawyers. Of the twelve members appointed, there shall be at least one member from each of the four quadrants of the state as provided in the State Bar Implementation Rules. For the initial appointment, four members will be appointed to serve three years, four members will be appointed to serve two years, and four members will be appointed to serve one year. Subsequent appointments will be for three-year terms. The CLEC shall have the following duties:

(a) Administer this rule.

(b) Adopt rules, regulations and procedures consistent with the rule, subject to approval by the State Bar Board of Commissioners.

(c) Report at least annually to the State Bar and the Supreme Court.

*2. Continuing Legal Education Requirement.*

(a) Beginning _____, every active lawyer in this state shall complete 30 credit hours of approved continuing legal education every three years. Initially, the active members of the State Bar will be divided into three groups. Group 1 will be required to complete 10 hours by _____. Group 2 will be required to complete 20 hours by _____. Group 3 will be required to complete 30 hours by _____.

(b) The MCLE requirement may be met either by attending approved courses or completing another continuing legal education activity approved for credit by the CLEC. Self-study, teaching, writing for CLE publications, participation in educational activities involving the use of computer-based resources, and in-office law firm continuing legal education efforts may be considered for credit when they meet the conditions set forth in this rule.

*3. Reporting MCLE Credit.*

(a) The CLEC shall set and publish an annual date for reporting CLE credits.

(b) All accredited sponsors of CLE activities shall enroll all attendees on enrollment forms approved by the CLEC. Upon completion of an approved course the sponsor shall forward the list of attendees to the CLEC or to a repository of attendance records designated by the CLEC.

(c) A lawyer may report approved activities using an affidavit in a form approved by the CLEC.

(d) At least 30 days before the annual reporting date, the CLEC shall forward a transcript of completed credits to each active lawyer. To avoid delinquency, lawyers must report additional credits, corrections, or other changes to the transcript to the CLEC before the annual reporting date.

(e) A lawyer whose transcript indicates compliance with the MCLE requirement may assume compliance.

4. *Sanctions and Appeal.*

(a) *Delinquency.* Within 30 days after the annual reporting date, the CLEC shall send each lawyer not in compliance with the requirements of this rule a notice of delinquency. Within 90 days following the annual reporting date, the lawyer shall take steps necessary to meet the annual requirements of the rule for the prior reporting period or, where the CLEC transcript is alleged to be in error or incomplete, submit an affidavit of compliance. After this 90-day period, if the lawyer fails to report CLE credits sufficient to permit retroactive compliance with the rule, or fails to submit an affidavit of compliance, the CLEC shall place the lawyer on involuntary inactive status, with copy to the Supreme Court.

(b) *Reinstatement.* Upon correction of the delinquency and payment of the reinstatement fee, the lawyer on involuntary inactive status shall immediately be restored to active status. The CLEC shall notify the Supreme Court when active status is restored.

5. *Lawyers Covered by This Rule.*

(a) All active lawyers must meet the requirements of this rule. Where the court rules do not otherwise provide, an active lawyer is defined as a person regularly engaged in the practice of law in the State of Michigan. A lawyer active for any part of the year must comply with this rule, except as provided in subparagraph (b)(4).

(b) The following individuals are exempt from the requirements of section 2:

(1) Inactive members of the State Bar.

(2) Federal judges.

(3) Lawyers in active military service, during the time of active service.

(4) Lawyers newly admitted to practice law in this state, between the time of their admission and October 1 of each year.

(5) Individuals found by the State Bar to be unable to complete the requirements of section 2 because of unique or special hardship.

6. *Sponsor Approval.*

(a) An individual, organization or other entity may apply to the CLEC for designation as an approved or accredited sponsor of MCLE courses or activities, including educational activities involving the use of computer-based resources. Courses or activities offered by an approved or accredited sponsor will be approved automatically for MCLE credit provided the sponsor states that the course or activity meet the standards set out in section 7 for individual course or activity approval.

(b) Courses or activities offered by a provider accredited or approved by another CLEC or a national MCLE accrediting body will be approved automatically for credit, provided the sponsor states that the course or activity

meets the standards set out in Section 7 for individual course or activity approval.

7. *Individual Course or Activity Approval.*

To be approved for credit, continuing legal education courses or activities offered by nonapproved sponsors, including educational activities involving the use of computer-based resources, must meet the following standards. The CLEC may grant credit for such courses upon written application of a nonapproved sponsor or an attendee.

(a) The course or activity must be of intellectual or practical content and, where possible, include a professional responsibility component.

(b) The course or activity must contribute directly to lawyers' professional competence or skills, or to their education with respect to their professional or ethical obligations.

(c) Course or activity leaders or lecturers must have the necessary practical or academic skills to conduct or facilitate the course or activity effectively.

(d) Before, at, or during the course or activity, each attendee must be provided with course or activity materials, either print or electronic, of a quality and quantity that indicate adequate time has been devoted to their preparation and that they will be of value to the registrants in their practices.

(e) When the course or activity is to be conducted in a class or seminar, it must be presented in a suitable setting, one conducive to a good educational experience, which provides registrants with adequate writing surfaces. When the educational activity involves the use of computer-based resources, it must be presented in a suitable setting, one conducive to a good educational experience.

(f) During courses or activities presented by means of videotape, motion picture, audiotape, simultaneous broadcast, teleconference, computer network, or other such systems or devices, there must be an opportunity to ask questions of the course faculty. If the faculty are not available in person, via telephone or on-line, then a qualified commentator should be available to offer comment and answer questions directly, electronically, or in writing.

(g) Subject to section 8, and except for courses or activities offered by professional organizations primarily or exclusively for the education of their members and courses or activities offered primarily or exclusively for government lawyers, the course or activity must be open to any lawyer thought to be interested in the subject matter.

(h) The sponsor must encourage active participation by lawyers as planners, coordinators, authors, panelists, facilitators, or lecturers.

(i) Within 30 days of a request from the CLEC, the sponsor must submit information concerning the course or activity. The information shall include a registration list in an approved format, the brochure or other communication describing the course or activity, a description of the method or manner of presentation or course or activity materials, and, if specifically requested by the CLEC, a set of the course or activity materials and evaluations.

8. *In-Office CLE.*

Courses offered by law firms, either individually or with other law firms, corporate legal departments, or similar entities primarily for the education of their members, may be approved in advance for credit. Not more than one-third of approved credits for any reporting period may be earned through in-office activities.

9. *Self-Study.*

In addition to formal courses conducted in a class or seminar setting, the CLEC may accredit in advance self-study courses involving the use of audio- or videotapes, computers, or correspondence courses. Not more than one-third of approved credits for any reporting period may be earned through self-study activities.

10. *Financing MCLE.*

The administrative cost of MCLE may be covered by an annual fee established by the CLEC and paid by all active lawyers. The fee shall be added to, and paid at the same time as, the membership dues.

STATE BAR OF MICHIGAN

STANDING COMMITTEE ON CONTINUING LEGAL EDUCATION

PROPOSED MCLE IMPLEMENTATION RULES

I. DIRECTION OF THE MCLE PROGRAM.

The MCLE program will be under the direction of a State Bar standing committee on minimum continuing legal education. The State Bar of Michigan will provide necessary staff support.

II. COMMITTEE.

A. *Jurisdiction.* The Standing Committee on Continuing Legal Education (CLEC or committee) shall administer State Bar Rule 17 pertaining to minimum continuing education of active members of the State Bar, approve CLE courses and activities for credit, certify providers of CLE activities as appropriate, determine whether lawyers have satisfactorily complied with their requirements, and suspend lawyers for noncompliance.

B. *Membership.* The CLEC shall consist of twelve members appointed by the president of the State Bar, of whom at least nine shall be lawyers in active practice in this state. Of the twelve members appointed, there shall be at least one member from each of the four quadrants of the state as identified in paragraph V(B). Lawyer members shall be representative of the various fields of legal practice. One of the lawyer members shall be designated by the president as chairperson. Of the members first appointed, four shall be appointed for one year, four for two years, and four for three years. Thereafter, appointments shall be for a three-year term. No member may serve more than two consecutive three-year terms.

C. *Duties.* The CLEC will:

1. Distribute information about the MCLE program and its requirements.

2. Approve courses and programs that satisfy the program's educational requirements.

3. Approve providers of courses that satisfy the program's educational requirements.

4. Determine the number of credit hours to be allowed for any course or other educational activity.

5. Ensure a broad selection of quality and reasonably priced course offerings to satisfy the program's educational requirements.

6. Evaluate courses to assure their quality.

7. Adopt rules, regulations, and procedures governing the MCLE program, subject to approval by the State Bar Board of Commissioners.

8. Oversee maintenance of MCLE program records.

9. Provide each lawyer annually a list of approved courses completed and credit hours earned, cumulative for the current compliance period.

10. Notify a lawyer of any deficiency in credit hours at the end of the compliance period.

11. Report the committee's activities and recommendations at least annually to the Board of Commissioners and the Supreme Court.

### III. MINIMUM CONTINUING LEGAL EDUCATION REQUIREMENT.

A. Each active lawyer must complete 30 credit hours of approved continuing legal education (CLE) courses every three years.

B. Initially, the active members of the State Bar of Michigan will be divided into three groups. Group 1 will be required to complete 10 hours by _____. Group 2 will be required to complete 20 hours by _____. Group 3 will be required to complete 30 hours by _____. The committee may establish procedures for allowing lawyers to receive credit for CLE hours obtained in other states before the implementation of this rule.

C. Thereafter, members of each group will be required to complete 30 hours within each three-year period following their initial compliance date.

D. The following individuals are exempt from the requirements of this rule:

1. Inactive members of the State Bar.

2. Federal judges.

3. Lawyers in active military service, during the time of active service.

4. Lawyers newly admitted to practice law in this state, between the time of their admission and October 1 of each year.

5. Individuals found by the State Bar to be unable to complete the requirements of paragraph A because of unique or special hardship.

E. An active member of the State Bar who elects inactive membership status will be required to demonstrate that the pro-rata share of credit hours corresponding to the fraction of the compliance period was earned during active membership. An inactive member of the State Bar who returns to active membership status will be assigned to that compliance period group whose next compliance date comes at least six months following reinstatement, and will be required to show that the pro-rata share

of credit hours corresponding to the fraction of the compliance period during active membership have been earned.

F. A lawyer may fulfill the MCLE requirement through any combination of the following, subject to the limitation set forth in paragraph III(G):

1. Completion of approved CLE courses.

2. Preparation of written materials for or lecturing in an approved CLE course, subject to the limitations of paragraph VII(B).

3. Completion of graduate law school courses to the extent approved by the CLEC. See paragraph VII(C).

4. Self-study, participation in educational activities involving the use of computer-based resources, and in-office law firm CLE, if approved in advance by the CLEC.

G. Credit hours earned on the basis of paragraph III(F)(2) shall not exceed more than one-half of the total credit hours required in any three-year compliance period. Credit hours earned on the basis of paragraph III(F)(4) shall not exceed more than one-third of the total credit hours required in any three-year compliance period.

### IV. COURSE APPROVAL.

A. A person who seeks approval of a course, and a course provider seeking certification, shall submit information to the staff office of the CLEC in the manner prescribed by the committee.

B. The staff may, in response to written requests for approval of courses,

1. certify course providers,

2. award credit for attending or teaching in approved courses,

3. award waivers or extensions of time deadlines,

4. interpret State Bar Rule 17 and these rules and make a written response giving appropriate reasons for the determination.

Staff may seek a determination of the CLEC before making a response. At each committee meeting, staff shall report to the CLEC on all determinations made since the committee's last meeting, together with observations and comments relating to other matters under the committee's jurisdiction.

C. Courses that have been denied credit by staff will be reviewed by the committee at its next regularly scheduled meeting. A lawyer or sponsoring agency affected by an adverse determination of staff may present information to the committee in writing or in person or both. The CLEC shall advise the lawyer or sponsoring agency of its findings and any action taken.

D. Specific courses or activities may be submitted to the CLEC for credit approval by a noncertified provider or a lawyer attending a course offered by a noncertified provider. To be approved for credit, such a course must meet the following standards:

1. The course must be of intellectual or practical content and, where possible, include a professional responsibility component.

2. The course must contribute directly to lawyers' professional competence or skills, or their education with respect to their professional or ethical obligations.

3. Those presenting the course must be qualified by practical or academic experience.

4. Before or at the course, each attendee must be provided with written course materials of suitable quality, not in agenda form.

5. The course must be presented in a suitable physical facility.

6. If the course is presented by means of videotape, motion picture, audiotape, simultaneous broadcast, or other such systems and devices, a qualified person must be in attendance or be available to offer comment and answer questions directly or in writing.

7. Except for courses or activities offered by professional organizations primarily or exclusively for the education of their members and courses or activities offered primarily or exclusively for government lawyers, the course or activity must be open to any lawyer thought to be interested in the subject matter.

8. The provider must encourage active participation by lawyers as planners, coordinators, authors, panelists, or lecturers.

9. The provider must certify information concerning the course, and the nature and extent of participation by each attendee, and must provide, upon request from the CLEC, course evaluations in a timely manner.

10. A noncertified provider who seeks approval of a course must pay the requisite administrative or attendee fees.

E. The CLEC may grant approval of CLE courses and activities for credit upon written application from:

1. A certified provider (see paragraph V[A]).

2. A noncertified provider, on an individual course basis (see paragraph IV[D]).

3. A lawyer, on an individual course basis (see paragraph IV[D]).

V. CERTIFIED PROVIDERS.

A. To qualify as a "certified provider,"

1. An organization or other entity may apply to the CLEC for designation as a certified provider of MCLE courses. Courses offered by a certified provider will automatically qualify as being approved for MCLE credit hours.

2. A certified provider may be a law school approved by the Michigan Board of Law Examiners or an organization engaged in continuing legal education that, during the three years immediately preceding its application, has sponsored at least six separate courses that comply with the requirements for individual course approval under subparagraphs IV(D)(1)-(9) and that represents that each course it offers will continue to do so.

B. The state shall be divided into four regions defined as follows:

1. Region A, composed of Macomb, Oakland, and Wayne counties.

2. Region B, composed of all other counties south of and including Gratiot, Huron, Kent, Montcalm, Muskegon, Saginaw, and Tuscola counties.

3. Region C, composed of all other counties (north of Region B) in the Lower Peninsula.

4. Region D, composed of all counties in the Upper Peninsula.

The CLEC may require a certified provider, as a condition of presenting courses in Michigan, to give the course once in more than one quadrant in a six-month period. Replays of a videotape of a live presentation shall be satisfactory if the CLEC requires multiple quadrant presentations.

In requiring multiple quadrant presentations, the CLEC shall balance the educational and professional needs of outstate Michigan lawyers with the Bar as a whole.

C. An applicant for designation as a certified provider must pay the appropriate administrative fee when applying for course certification.

D. A certified provider shall prohibit smoking at all courses offered.

E. The CLEC may reevaluate the status of a certified provider at any time.

### VI. COURSE ANNOUNCEMENT.

Any person may announce with respect to a course that has been given approval that "this course has been approved by the State Bar of Michigan Standing Committee on Continuing Legal Education for __ hours of credit."

### VII. COMPUTATION OF CREDIT HOURS.

Credit hours for MCLE will be computed as follows:

A. *CLE course attendance*:

1. MCLE credit hours shall equal the total minutes of actual instruction divided by 60 (rounded to nearest 1/10 hour).

2. "Actual instruction" time does not include introductory remarks, breaks, business meetings, keynote speeches, meals, speeches in conjunction with meals, or question-and-answer session time in a ratio greater than 10 minutes per hour of instruction.

B. *Preparation of written materials or lecture activity*:

A lawyer who prepares written material for or lectures in an approved CLE course will receive one credit hour for each hour spent in preparation or presentation, not to exceed six hours per course, including repeat sessions. Credit hours earned through such activities shall not exceed one-half of the total credit hours a lawyer must earn in any compliance period.

C. *Completion of law school graduate courses*:

Upon request, a lawyer who enrolls as a student or an auditor in a regular class course in a graduate degree program offered by a law school approved by the Michigan Board of Law Examiners upon request shall

receive the number of MCLE credit hours for such study approved by the MCLE Committee.

VIII. LAWYER COMPLIANCE.

A. A person who seeks credit for teaching and preparation for teaching shall submit information to the staff office of the CLEC in the manner prescribed by the committee.

B. Every lawyer shall submit, within 30 days after the close of the period during which the lawyer's educational requirements must be completed, an affidavit setting forth all education information in the manner prescribed by the committee.

C. Affidavits received after the 30-day filing period, but before the issuance of a notice of noncompliance, including affidavits of lawyers who have been granted extensions by the staff or the committee, shall be accompanied by a late filing fee of $5.00. Affidavits received after the issuance of a notice of noncompliance, including affidavits of lawyers who have been granted extensions, shall be accompanied by a late filing fee of $10.00. Fees may be paid by credit card or check payable to the State Bar of Michigan Continuing Education Fund.

D. If a lawyer fails to submit an affidavit or submits an affidavit that, on its face, indicates noncompliance, the staff shall send a notice of noncompliance to the lawyer by certified mail directed to the lawyer's address of record pursuant to State Bar Rule 2.

E. A notice of noncompliance shall state the nature of the noncompliance and advise the lawyer that the lawyer must, within 60 days of the mailing of the notice, either present evidence of compliance or request a hearing before the committee. If no hearing is requested, the lawyer shall be deemed to have acquiesced in the staff finding.

F. The committee shall review any determination of noncompliance.

G. If a lawyer timely requests a hearing on the issue of noncompliance, the committee shall afford a hearing. The lawyer may be represented by counsel, and a full stenographic or tape recorded record shall be taken. At the discretion of the chairperson, the hearing may be held before the entire committee or a committee panel appointed by the chairperson. The committee or panel may admit any relevant evidence; civil rules of evidence do not apply.

H. A panel determination shall be reported to the CLEC. If the committee or panel finds that the lawyer is in noncompliance, the committee shall advise the lawyer and the Supreme Court that the lawyer has been transferred to CLE inactive status.

I. Waivers of strict compliance with these rules or extension of time deadlines provided in these rules may be made in cases of hardship or other compelling reasons.

IX. FINANCES.

The cost of the MCLE program will be defrayed by each lawyer paying a MCLE fee contemporaneously with the annual dues assessment.

X. SANCTIONS.

A. A lawyer who has not met the MCLE credit hour requirement for the compliance period shall be sent a notice of delinquency by certified mail to the lawyer's address of record with the State Bar of Michigan. The lawyer will have 60 days to establish compliance with the MCLE requirement.

B. Failure to establish compliance within the time specified will result in an involuntary inactive status in the State Bar of Michigan.

C. A lawyer on involuntary inactive status who wishes to resume active status shall send written notice to the staff offices of the committee accompanied by a transfer fee of $10.00. Committee staff shall advise the lawyer of the applicable transfer requirements, which may include recertification pursuant to State Bar Rule 3, payment of dues pursuant to State Bar Rule 4, reimbursement of the Client Protection Fund, or compliance with an order of discipline.

D. A lawyer may be transferred from CLE inactive status upon staff or committee determination that the lawyer has completed either

1. the number of CLE hours that the lawyer would have had to complete to meet reporting requirements and to be current on a proportional basis if the lawyers had not been on CLE inactive status, or

2. such lesser requirements as the committee may specify appropriate to the lawyer's individual situation. The committee shall not specify less than 30 hours during the three years immediately preceding transfer to active status unless circumstances of hardship or other compelling reasons show that this should be done, and will not specify more than 60 hours.

E. The CLEC, upon a showing of compelling reasons and upon appropriate CLE requirement conditions precedent or subsequent, may transfer a lawyer to active status temporarily for a specified time pending the lawyer's completion of requirements or pending the committee's further consideration of the requirements it should impose.

F. In determining whether to transfer a lawyer to active status temporarily, the committee will consider the extent, if any, to which the lawyer

1. has taken CLE hours in the past,

2. has pursued other educational activity, and its nature,

3. has been engaged in the practice of law in another jurisdiction,

4. has been engaged in law-related work other than the practice of law, and its nature,

5. acted reasonably in not anticipating the need to take the appropriate number of CLE hours before being transferred to active status, and

6. demonstrates circumstances of hardship or other compelling reasons that show that the lawyer should be transferred to active status temporarily before completing the appropriate number of CLE hours.

*Staff Comment:* The proposed amendment of Rule 17, recommended by the State Bar of Michigan, would establish a system of mandatory continuing legal education for all active lawyers in Michigan. The Board of Governors of the State Bar also has approved implementation rules, which are being published for comment, along with proposed Rule 17.

The staff comment is published only for the benefit of the bench and bar and is not an authoritative construction by the Court.

> Publication of this proposal does not mean that the Court will issue an order on the subject, nor does it imply probable adoption in its present form. Timely comments will be substantively considered and your assistance is appreciated by the Court.

A copy of this order will be given to the secretary of the State Bar and to the State Court Administrator so that they can make the notifications specified in MCR 1.201. Comments on this proposal may be sent to the Supreme Court Clerk within 90 days after it is published in the *Michigan Bar Journal.* When filing a comment, please refer to our file number 98-34.

*Leave to Appeal From Attorney Discipline Board Denied October 26, 1998:*